UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

    Plaintiff,

  v.                                    Case No. 22-CV-289

KYLE DEMERS, BRIAN FOSTER,
JAMES MUENCHOW, CO O'DONNELL,
JESSE JONES, B. HOMPE, and
JEREMY WESTRA,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On March 7, 2022, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Alvarado also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.). On March 28, 2022, Alvarado filed an amended complaint. (ECF No. 6.) Because the defendants have not yet answered, the court will accept and screen his amended complaint. (*See* Fed. R. Civ. P. 15(a)). In addition to screening the amended complaint, this order will also resolve Alvarado's motion for leave to proceed without prepayment of the filing fee.

The court has jurisdiction to resolve Alvarado's motions and to screen the amended complaint in light of Alvarado's consent to the full jurisdiction of a

magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 7, 2022, Alvarado filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 29, 2022, the court ordered Alvarado to pay an initial partial filing fee of $1.43 by April 25, 2022. (ECF No. 7.) Alvarado paid that fee on April 6, 2022. The court will grant Alvarado's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a

2

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

3

The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Alvarado's Allegations*

Alvarado alleges on December 15, 2017, defendant Jesse Jones informed him that he received conduct report #3049171 for allegedly kicking defendant Kyle Demers's leg on December 12, 2017. (ECF No. 5 at 3-4.) At the time, Alvarado was on a paper restriction, so he did not receive notice of the disciplinary hearing. (*Id.* at 4.) Additionally, Jones did not verbally notify him of the hearing, notify him of his rights during the hearing, or ask him if he had any witnesses he'd like to present. (*Id.*)

Alvarado states that under the applicable administrative regulations, disciplinary hearings are supposed to be held within 21 days of an inmate receiving a conduct report. (*Id.*) Alvarado's hearing was not held until either February 26 or February 28, 2018, well after the 21-day window. (*Id.*)

At his hearing, defendant Captain Jeremy Westra did not allow Alvarado to present video evidence that would show that he did not kick Demers. (*Id.*) Westra found Alvarado guilty of assaulting an employee and gave him 120 days in segregation. (*Id.*)

Alvarado appealed Westra's decision to defendants Brian Foster, James Muenchow, B. Hompe, and CO O'Donnell. (*Id.*) They affirmed Westra's decision. (*Id.*)

4

While in segregation, Alvarado asserts he did not receive recreation time and was denied the use of the phone, showers, or reading materials. (*Id.*)

*Analysis*

Alvarado claims that the defendants violated his due process rights under the Fourteenth Amendment when they didn't notify him of his due process hearing on his conduct report; failed to conduct the due process hearing in a timely manner; denied him the ability to present potentially exculpatory video; and did not overturn his disposition on appeal. At the outset, while Alvarado names Demers as a defendant, he did not include any allegations explaining how Demers violated his due process rights. Demers is dismissed.

As for the other defendants, Alvarado's due process protections are triggered only if he had a protected liberty interest in avoiding segregation. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). "Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). To determine whether a plaintiff has a liberty interest, courts "look[] to 'the combined import of the duration of the segregative confinement *and* the conditions endured.'" *Id.* (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)) (emphasis in original). "Although relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest *may* arise from a long term of confinement

5

combined with atypical and significant hardships." *Id.* (emphasis in original). The Court of Appeals for the Seventh Circuit has "noted that 'six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights.'" *Id.* (quoting *Marion*, 559 F.3d at 698).

While Alvarado's stay in segregation was 120 days, well short of six months, he does allege that he suffered atypical and significant hardships. Lack of recreation time and the ability to shower could be considered exceptionally harsh conditions. At this stage, Alvarado sufficiently alleges that he had a liberty interest in avoiding segregation.

Accordingly, he may proceed against Jones and Westra for violating his due process rights. Jones failed to notify him of his hearing, notify him of his hearing rights, and inquire whether he had any witnesses he'd like to present. Westra did not allow Alvarado to present potentially exculpatory video evidence. However, Alvarado does not specify whether either Jones or Westra were responsible for the delay in his due process hearing, so he is not allowed to proceed against them for the delay. Additionally, the delay amounts to an administrative policy violation, and § 1983 only "protects plaintiffs from constitutional violations, not violations of state laws, or . . . departmental regulations." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

Alvarado also may not proceed against Foster, Muenchow, CO O'Donnell, and B. Hompe for their rule in reviewing his appeal of his conduct report. "[A] federal § 1983 case is not the proper place for an inmate to challenge the outcome of a prison

6

disciplinary procedure." *Johnson v. Eckstein*, Case No. 18-cv-1696-pp, 2019 WL 454279 at *3 (E.D. Wis. Sept. 9, 2019). Instead, after exhausting the institution's administrative procedure, including the appellate procedure, an inmate can seek judicial review in state court. *Id.* Foster, Muenchow, CO O'Donnell, and B. Hompe are dismissed.

**THEREFORE, IT IS ORDERED** that Alvarado's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Brian Foster, James Muenchow, CO O'Donnell, and B. Hompe are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Jesse Jones and Jeremy Westra. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Alvarado shall collect from his institution trust account the $348.57 balance of the filing fee by collecting monthly payments from Alvarado's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Alvarado is

7

transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Alvarado is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk of Courts
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Alvarado is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Alvarado is

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Alvarado failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Alvarado may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge