UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAMON ALVARADO, JR.,

        Plaintiff,

v.                                          Case No. 22-CV-289

JEREMY WESTRA,

        Defendant.

---

DECISION AND ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Ramon Alvarado, Jr., who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Alvarado was allowed to proceed on a Fourteenth Amendment procedural due process claim against defendant Jeremy Westra for allegedly not viewing and allowing Alvarado to view exculpatory video evidence at his disciplinary hearing.

The defendants filed a motion for summary judgment. (Docket # 57.) Alvarado responded in opposition. (Docket # 76.) For the reasons stated below, the Court grants Westra's motion for summary judgment.

## FACTS

Alvarado was incarcerated at Waupun Correctional Institution. (Docket # 59, ¶ 1.) Westra was a Captain at Waupun and part of his duties as Captain was serving as the hearing officer for disciplinary hearings on conduct reports. (*Id.*, ¶¶ 2–3.)

On December 14, 2017, Alvarado was issued Conduct Report # 3049171 for kicking Officer Kyle Demers in the leg during a cell transfer. (Docket # 59, ¶¶ 6–7.) The incident was captured on a pixelated hallway camera and on an officer's handheld camera. (*Id.*, ¶¶ 58–59.) On December 15, 2017, Security Director Tony Meli reviewed the conduct report and determined that it was "to proceed as a major violation." (*Id.*, ¶ 9.) At the time, Alvarado was on a paper restriction because he used toilet paper to cover the window of his cell. (*Id.*, ¶ 12.) Because he was on a paper restriction, Westra states that the notice of the disciplinary hearing and the conduct report was read to him by Jesse Jones. (*Id.*, ¶ 13.) Alvarado then refused to sign acknowledgment of the conduct report. (*Id.*) Alvarado states that Jones did not read him the notice of the disciplinary hearing but instead told him that he was not being given an offer to waive the hearing. (Docket # 78, ¶ 13.) Alvarado also states that he was not allowed to sign the acknowledgement. (*Id.*)

On January 8, 2018, Alvarado met with his assigned staff advocate, Kim Kabat, who offered to assist him with preparation for the hearing. (Docket # 59, ¶¶ 16–18.) Kabat verified that Alvarado had received a copy of the conduct report now that he was off the paper restriction and offered her assistance. (*Id.*, ¶ 18.) Alvarado told her to "fuck off." (*Id.*)

Also on January 8, 2018, Meli approved authorization to extend the time limit to hold the disciplinary hearing for the conduct report because Alvarado was temporarily being transferred to the Milwaukee County Jail from January 9 to February 16, 2018. (Docket # 59, ¶¶ 20–21.) Alvarado's disciplinary hearing was scheduled for February 26, 2018. (*Id.*) Alvarado states that he was not given notice of his extension of the hearing. (Docket # 78, ¶ 27.) There is documentation that Meli wrote a memo notifying Alvarado of the extension

on January 8, 2018, but the memo does not state the new date of the hearing. (Docket # 61-1 at 6.)

Alvarado did not submit form DOC 73, Inmate's Request for Attendance of Witness/Evidence, requesting the video or other evidence at his hearing. (Docket # 59, ¶ 23.) Alvarado states that because the form would have to be filed within two days after the service of the notice of a disciplinary hearing, and he was unable to file, he thought it was pointless to file one because Meli or Westra would not accept a late filing. He also did not think he was going to have a disciplinary hearing because he had not heard that he got an extension, so he did not know he needed to file a request for evidence. (*Id.*) Westra does not dispute that Alvarado was under the belief that the hearing would no longer be held. (Docket # 59, ¶ 28.)

On February 26, 2018, the hearing was held, and Alvarado made a statement. (Docket # 59, ¶ 29.) During his statement, he made no mention of wanting to present video evidence at the hearing. (*Id.*) Officer Demers' statements were admitted at the hearing through a written narrative. (*Id.*, ¶ 31.) Westra states that he and the staff advocate reviewed the two videos of the incident. (*Id.*, ¶ 32.) Alvarado disputes this, stating that Westra never watched the videos because he was watching both Westra and the staff advocate during the hearing and at no point did the staff advocate move to watch a video. (Docket # 78, ¶ 32.) Westra ultimately found Alvarado guilty of the behavior in the conduct report, and he states he based his decision off Demers' statement in the conduct report; the two videos; and the verbal orders given to Alvarado. (Docket # 59, ¶ 34.) The summary of the disciplinary hearing notes show that Westra relied on "2017-1470 video" as part of the decision. (Docket # 61-1 at 7–8.) Alvarado notes that the summary lists only one video and not two, and it is unclear which video the summary was referring to—the hallway video or the handheld camera video.

(Docket # 78, ¶ 34.) The Court notes that of the two videos provided as part of Westra's materials in support of his motion, one is labeled "Handheld video-12-12-17" and the other "Surveillance 2017-1470." As a result of the disciplinary hearing, Alvarado was given a disposition of 120 days in disciplinary segregation and 60 days loss of recreation time. (Docket # 59, ¶ 35.)

On March 8, 2018, Alvarado appealed the decision on the conduct report to the Warden, Brian Foster. (Docket # 59, ¶ 37.) In his appeal, Alvarado stated that he was not allowed to plead guilty to the conduct report and waive the hearing; he was not given notice of the hearing date extension; and that Westra did not review the video footage. (*Id.*, ¶ 38.) On March 16, 2018, Foster upheld the finding of guilty on the charges of assault of an employee and disobeying orders but dismissed the finding of guilt on the disruptive conduct charge. (*Id.*, ¶ 39.) The sentence was also upheld. (*Id.*)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec.*

4

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Alvarado's claim against Westra is based on Westra's role as the hearing officer at his disciplinary hearing. Alvarado claims that Westra violated his due process rights when Westra did not view and allow Alvarado to view exculpatory video evidence at his disciplinary hearing.

To proceed on a due process claim with respect to a prisoner's disciplinary proceeding, a plaintiff must establish (1) possession of a liberty interest and (2) deprivation by defendants of that interest as a result of insufficient process. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Here, for purpose of summary judgment, Westra concedes that Alvarado had a liberty interest. (Docket # 81 at 2.)Thus, the question is whether Alvarado received sufficient process.

Due process requires that in a prison disciplinary hearing resulting in transfer to segregation, the prisoner receive advance written notice of the charges, an opportunity to

present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by 'some evidence' in the record." *Piggie v. Cotton*, 342 F.3d 660, 662 (7th Cir. 2003); *Hewitt v. Helms*, 459 U.S. 460, 476 (1983). Additionally, "the Supreme Court has made it clear that the requirements of informal due process leave substantial discretion and flexibility in the hands of prisoner administrators." *Westefer v. Neal*, 682 F.3d 679, 686 (7th Cir. 2012). A "full-blown" hearing where the prisoner has a right to call witnesses is not required. *Id.*

Alvarado alleges two procedural deprivations: (1) that he did not receive proper notice; and (2) that Westra did not review the videos or allow him to view the videos and present his defense based on the videos. As to the improper notice claim, at screening, Alvarado was allowed to proceed on a claim for lack of notice of the hearing, (Docket # 10 at 6), but that claim was dismissed because Alvarado conceded that he failed to exhaust his administrative remedies, (Docket # 55 at 1–2). Alvarado's claims then are limited to the scope of the screening order and the court's prior decisions. *See Werner v. Hamblin*, Case No. 12-C-0096, 2013 WL 788076, at *2 (E.D. Wis. March 1, 2013).

As to the video evidence, Alvarado claims that Westra did not view or consider the videos prior to making his decision and Westra did not allow him to view the video footage and present his defense based on the video footage. Liberally construed, this is a claim that Westra found Alvarado guilty on insufficient evidence. In other words, this is a claim that had Westra viewed the video and allow Alvarado to point out that the video did not show him kicking Demers, he would not have found Alvarado guilty.

In the prison setting, due process requires "some evidence" to support a finding of guilt. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (holding that where

6

Case 2:22-cv-00289-NJ   Filed 02/04/25   Page 6 of 9   Document 83

a prisoner claims he was denied due process in a prison disciplinary hearing because he was found guilty based on insufficient evidence, the claim must be rejected if there was "some evidence" to support the decision). The Court in *Hill* stated,

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455–56.

Here, at the hearing Westra had the benefit of Alvarado's statement regarding the incident. He also had the benefit of Demers' written statement regarding the incident. Thus, even if he did not view the video or videos, there was evidence in the record to support his conclusion that Alvarado was guilty of the charged offense. This satisfies the standard of "some evidence" articulated in *Hill*.

Moreover, this is not a case where the videos exculpated Alvarado. Notably of the two videos, only the handheld video captured the incident. The angle of the video from the camera in the hallway does not permit a clear view of the incident. However, the video from the handheld camera is useful. While Alvarado is correct that the video footage from the handheld camera does not show Alvarado kicking Demers, it does show the officers momentarily jerked or jumped back from Alvarado. (Docket # 61-6 at 17:40–17:50.) Further, at the end of the video during the debriefing from the incident, Demers reports that Alvarado kicked him and agreed to seek medical attention. (*Id.* at 19:45–20:00.) As such, the video, rather than exculpating Alvarado, circumstantially bolsters Demers' report that Alvarado kicked him. Again, while the video does not show a kick, given Demers' reaction in real time

and his contemporaneous statement on the day of the incident that Alvarado kicked him, the video footage from the handheld camera supports Westra's conclusion that Alvarado was guilty of kicking Demers. On this record, no reasonable jury could conclude that Westra found Alvarado guilty on insufficient evidence for lack of viewing of the video or that Alvarado's due process rights were violated. Westra is entitled to summary judgment on this claim.

Because I find in favor of Westra, I need not address his qualified immunity argument.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Westra's motion for summary judgment (Docket # 57) is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry

of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 4th day of February, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge